UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

  Plaintiff,
vs.

THE SALTY DONUT INC.  and
S MIAMI RETAIL BH LLC

  Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, The Salty Donut Inc., and Defendant, S Miami Retail BH LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, The Salty Donut Inc. and S Miami Retail BH LLC, are both authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant The Salty Donut Inc. (also referenced as "Defendant Salty Donut," "tenant," "operator," lessee" or "co-Defendant") is a Florida corporation which is the owner and operator of the "The Salty Donut" donut shop located at 6220 S Dixie Highway, South Miami, Florida 33143.

6. Defendant S Miami Retail BH LLC (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is a Florida registered limited liability company which is the owner of Folio 09-4036-029-0110, a commercial real property.

**FACTS**

7. At all times material hereto, the commercial space within Defendant Landlord's 6220 S Dixie Highway real property has been leased to co-Defendant Salty Donut (the lessee). The lessee in turn has operated its "The Salty Donut" shop within that leased space.

8. The Salty Donut serves small batch craft donuts and beverages and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink" and §12181(7)(E) as a bakery.

9. As the operator of a donut shop which is open to the public, Defendant Salty Donut is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a donut shop; 42 U.S.C. §12182, §12181(7)(B) & (E); 28 C.F.R. §36.104(2) & (5).

10. As the owner of commercial real property which is operated as a donut shop open to the public, S Miami Retail BH LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) & (E) and 28 C.F.R. §36.104(2) & (5).

11. Plaintiff has traveled to and enjoyed donuts at Defendant Salty Donut's Wynwood location. Salty Donut opened a new location in South Miami, Florida at 6220 S. Dixie Highway which is convenient to Plaintiff's home. On November 21, 2020 Plaintiff personally visited The Salty Donut South Miami location with the intent of purchasing donuts and eating at one of the outside dining tables.

12. On his November 21st visit he was unable to eat at the outside tables. While Plaintiff purchased donuts, he was unable to enjoy dining at the donut shop location because the outside dining tables did not accommodate his wheelchair.

13. Plaintiff has been denied full and equal access by the operator/lessee of The Salty Donut South Miami location (Defendant Salty Donut) and by the owner/lessor of the commercial building which houses donut shop (Defendant Landlord) due to barriers to dining inherent in the outdoor seating area as well as the failure of Defendants to provide a fully accessible ramp accessible parking with the closest path of travel to the entrance of the donut shop.

14. Plaintiff continues to desire to patronize The Salty Donut and in fact patronized the donut shop again on November 22nd and experienced the same lack of

accommodation as on his first visit. Clearly, Plaintiff continues to be injured in that he continues to be discriminated against due to the barriers to access to the donut shop and unequal accommodation which is in violation of the ADA.

15. As a result of the joint and several liability for the discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

17. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

19. Prior to the filing of this lawsuit, Plaintiff personally visited The Salty Donut in order to purchase donuts and dine at the outdoor eating area established for the general

4

public. However Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he parked his car, perambulated the ramp, ordering his donuts and attempted to sit at the outdoor seating area to enjoy his meal and therefore suffered an injury in fact.

20.     Defendant Landlord and Defendant Salty Donut (the lessee and operator of The Salty Donut) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the donut shop, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

21.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the donut shop by Defendants.

22.     Defendants are jointly and singularly governed by the ADA and must be in compliance with the law and regulations. However, Defendant Landlord and operator Defendant Salty Donut have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

23.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24. The commercial space which is owned by Defendant Landlord which houses The Salty Donut is operated by Defendant Salty Donut. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Salty Donut (the lessee/operator of the donut shop) and Defendant Landlord (jointly and severally), failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

ii. As to Defendant Salty Donut (the lessee/operator of the donut shop) and Defendant Landlord (jointly and severally), failure to provide handrails on the ramp leading from the parking area to the donut shop as required by the 2010 ADA Standards for Accessible Design. Section 405.8 states that ramps with a rise greater than 6 inches shall have handrails which comply with Section 505. Section 505.2 states that handrails shall be provided on both sides of stairs and ramps, Section 505.3 states that those handrails must be continuous for the full length of the ramp, and Section 505.4 states that those handrails shall be placed at height between 34 inches and 38 inches vertically above the ramp surface. Thus, Defendants are in violation of 28 C.F.R. Part 36, Section 4.8.5 and ADA/ABA Design Compliance Code §505.2.

iii. As to Defendant Salty Donut (the lessee/operator of the donut shop) and Defendant Landlord (jointly and severally), the donut shop dining is inaccessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 5.4, which requires that all dining areas, including outdoor seating areas be accessible. Specifically, outside seating area tables

provided for outside dining are not accessible to Plaintiff and his wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4.

25. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the donut shop operating within the commercial public space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the donut shop therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the donut shop until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner and lessor Defendant S Miami Retail BH LLC and the lessee (operator of the donut shop) Defendant The Salty Donut Inc. and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the facilities such that the donut shop is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 1st day of December 2020.

                                                  Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

8